IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE A. CHACON FARIAS, LUIS M. FARIAS SOTO, MIGUEL CHACON FARIAS and MIS TRES PROPERTIES, LLC, | § § § § § § § | Case No. _____ |
| Plaintiffs, | § § | |
| v. | § § | |
| RREF CB SBL ACQUISITIONS, LLC and GARDERE WYNNE SEWELL LLP, | § § § § | |
| Defendants | § § | |

## INDEX OF MATTERS BEING FILED WITH DEFENDANTS' NOTICE OF REMOVAL

In accordance with Local Rule 81, Defendants RREF CB SBL ACQUISITIONS, LLC and Gardere Wynne Sewell LLP file the following with its Notice of Removal:

**EXHIBIT A**   Bankruptcy Court dismissal order

**EXHIBIT B**   Plaintiffs' Petition

**EXHIBIT C**   Signed Temporary Restraining Order

**EXHIBIT D**   List of Counsel of Record

**EXHIBIT E**   Docket Sheet

Dated: October 13, 2015

Respectfully submitted,

/s/ Calli Turner
Robert T. Slovak (TX 24013523)
Rachel Kingrey (TX 24068616)
Thomas Scannell (TX 24070559)
Matthew Pyeatt (TX 24086609)
Calli Turner (TX 24088558)
**GARDERE WYNNE SEWELL LLP**
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: 214-999-4685
Facsimile: 214-999-3685
rslovak@gardere.com
rkingrey@gardere.com
tscannell@gardere.com
mpyeatt@gardere.com
cturner@gardere.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 13, 2015, a true and correct copy of this Index was served on the following:

C. Brandon Holubar
King Law Firm
3409 North 10th Street
McAllen, Texas 78501
(956) 687-6294
(956) 687-5514 (fax)

/s/ Calli Turner
Calli Turner

# EXHIBIT A



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 08, 2015.**

_Craig A. Gargotta_
_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 15-50356-CAG |
| MIS TRES PROPERTIES, LLC, | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

### ORDER DISMISSING CHAPTER 11 BANKRUPTCY CASE

Came on to be considered Mis Tres Properties, LLC's Motion to Dismiss Case (ECF No. 55), and RREF CB SBL Acquisitions, LLC's Response thereto (ECF No. 61). For the reasons stated on the record at the Court's hearing on October 5, 2015, it is

ORDERED, ADJUDGED AND DECREED that Mis Tres Properties, LLC's Motion to Dismiss Case (ECF No. 55) is GRANTED, subject to the extent and conditions expressly set forth under the terms of this Order. It is further,

ORDERED, ADJUDGED AND DECREED that the above-captioned bankruptcy case is DISMISSED. It is further,

ORDERED, ADJUDGED AND DECREED that Mis Tres Properties, LLC is barred and expressly prohibited from being a debtor or debtor-in-possession in any capacity under any Chapter of Title 11 of the United States Code for a period of not less than 90 calendar days

following the entry of this Order on this Court's docket in the above-captioned bankruptcy case. It is further,

ORDERED, ADJUDGED AND DECREED that this Court retains EXCLUSIVE subject matter jurisdiction and EXCLUSIVE venue over any application for temporary restraining orders or other injunctive relief affecting property which was property of the bankruptcy estate pursuant to 11 U.S.C. § 541 in the above-captioned bankruptcy case, as if such case had not been dismissed, specifically including, any application for a temporary restraining order involving any property subject to RREF CB SBL Acquisitions, LLC's security interests. It is further,

ORDERED, ADJUDGED AND DECREED that notwithstanding any rules to the contrary set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas, this Order is immediately enforceable.

It is lastly ORDERED, ADJUDGED AND DECREED that the Debtor shall pay all accrued and outstanding U.S. Trustee fees within fourteen (14) days of the entry of this Order.

### 

2

Gardere01 - 7173049v.4

# EXHIBIT B

KING LAW FIRM                    #0292 P.002/015

Electronically Filed
10/1/2015 5:23:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-4962-15-E

| | | |
|---|---|---|
| JOSE A. CHACON FARIAS, LUIS M. | § | IN THE DISTRICT COURT |
| FARIAS SOTO, MIGUEL CHACON FARIAS | § | |
| and MIS TRES PROPERTIES, LLC | § | |
| *Plaintiffs* | § | _____ JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| RREF CB SBL ACQUISITIONS, LLC | § | |
| and GARDERE WYNNE SEWELL, LLP | § | |
| *Defendants.* | § | OF HIDALGO COUNTY, TEXAS |

---

### PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR EX-PARTE TEMPORARY RESTRAINING ORDER AND FOR TEMPORARY AND PERMANENT INJUNCTION

---

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs file this, their *Original Petition and Application for Ex-Parte Temporary Restraining Order and for Temporary and Permanent and Injunctions* and for Discovery Requests, complaining of the acts and omissions of Defendants RREF CB SBL ACQUISITIONS, LLC and GARDERE WYNNE SEWELL, LLP, in support, respectfully shows the Court as follows:

#### Introduction

This is a suit against lending institutions and its trustee that is attempting to foreclose on real property owned by Plaintiffs FARIAS that is under a contract to sell all interest in and the property to Plaintiff MIS TRES PROPERTIES, LLC. Plaintiffs aver that the foreclosure sale scheduled for October 6, 2015 is wrongful; and as such, should be restrained to avoid Plaintiffs' loss of real property for which they have no adequate remedy of law to sue on as it is unique. Plaintiffs contend foreclosure at issue herein is outside of the statute of limitations for enforcement, as the instrument the basis of the foreclosure has a final maturation date of October 08, 2004,

KING LAW FIRM    #0292 P.003/015

Electronically Filed
10/1/2015 5:23:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## C-4962-15-E

### I. DISCOVERY CONTROL PLAN

1.1    Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

1.2.    This case involves complex issues and will, require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this ease.

### II. PARTIES & SERVICE

2.1.    Plaintiff MIS TRES PROPERTIES, LLC (hereinafter known as "LLC") is an company registered in Texas and in good standing.

2.2    Plaintiffs Jose A. Chacon Farias, Luis Madgalena Farías Soto and Miguel Chacon Farias, (hereinafter referred to as "FARIAS") reside in Mexico.

2.3    Defendants RREF CB SBL ACQUISITIONS, LLC (hereinafter referred to as "NOTEHOLDER") is a financial lending institution whose office is located at c/o Rialto Capital, 730 NW 107 Avenue, Suite 300, Miami, Florida 33172, and who may be served with process at that address through its registered agent, or through the Texas Secretary of State.

2.4    Defendant GARDERE WYNNE SEWELL, LLP is trustee a law firm named in the securing Notice of Foreclosure Sale that may be served with process at 1601 Elm Street, Ste. 3000, Dallas, Texas 75201.

### III. JURISDICTION & VENUE

3.3.    This court has subject matter jurisdiction of this cause of action because it involves title to real property located in Hidalgo County, Texas.

3.4.    Plaintiffs prefer to have the jury determine the fair amount of compensation for Plaintiffs' damages, it is early in the case to be assessing the full nature and scope of Plaintiffs' damages, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, requires Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $200,000.00 but not more than $1,000,000.00.

Electronically Filed
10/1/2015 5:23:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

3.5.   Venue is proper in Hidalgo County under Tex. Civ. Prac. & Rem. Code § 15.011 because that is the county in which the real property the subject of this suit is located.

## IV. FACTS

4.1.   On or about July 8, 2004, Plaintiff LLC executed a real estate promissory note in the amount of FIFTY THOUSAND and NO/100 Dollars ($50,000.00) payable to the order of The Laredo National Bank, as predecessor in interest to Defendant NOTEHOLDER.  The instrument memorializing this transaction and the document the basis for Defendants' foreclosure is entitled, Deed of Trust Security Agreement Financing Statement Assignment of Rents (hereinafter referred to as "AGREEMENT") and is dated and was executed on July 08, 2004.  The maturation date of the AGREEMENT is October 08, 2004.

4.2   The real property the subjects of this suit and the collateral for the above AGREEMENT is described as follows:

### Tract 1:

All of Lots 1 and 8, the West ¼ of Lot 2, and the West 1/2 of Lot 7, Block 2; and Lots 1 and 8 and the West 1/2 of Lot 2 and the West ½ of Lot 7, Block 19, JACKSON SUBDIVISION, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 4, Page 580, Deed Records of Hidalgo County, Texas. SAVE AND EXCEPT a 5.01 acre tract previously conveyed out of Lot 1, Block 2, and being more particularly described by metes and bounds in Deed dated May 8, 1992, from Clark F. Spikes, Jr. to RCV Educational Broadcasting Inc., recorded in Volume 3261,Page 617, Official Records of Hidalgo County, Texas.

### Tract II:

The East 1/2 of Lot 2 and the East 1/2 of Lot 7, Block 2, and the East ½ of Lot 2 and the East ½ of Lot 7, Block 19, JACKSON SUBDIVISION, Hidalgo County, Texas, according to the map or plot thereof recorded in Volume 4, Page 580, Deed Records of Hidalgo County, Texas.

4.3   The AGREEMENT referenced herein above has been modified and amended.  However, such subsequent documents are not the instrument the basis for the foreclosure; as such, the instrument the basis for the October 2015 foreclosure matured on October 08, 2008.

4.4   Plaintiffs FARIAS are currently under contract to sell the properties the subject of this suit to Plaintiff, LLC; who in the past sold the same properties to Plaintiff FARIAS.  Neither FARIAS nor LLC has made any payment(s) to Defendants under the AGREEMENT the basis of this foreclosure, or any subsequent documents thereto, to in a timely matter to revive the AGREEMENT for foreclosure purposes.  No payment

KING LAW FIRM   #0282 P.005/015

Electronically Filed
10/1/2015 5:23:13 PM
Hidalgo County District Clerks

required under the AGREEMENT has been made within the last four (4) years prior to the date of acceleration of the AGREEMENT.

4.5     Defendants allege that Plaintiffs have failed to perform under the AGREEMENT, and Defendants have now accelerated the Note and posted the Property for foreclosure for the October 2015 Hidalgo County foreclosure sale.

4.6     Plaintiffs allege the affirmative defense of statue of limitations to Defendants' acceleration and anticipated foreclosure.

4.7     Further, Defendants have attempted to circumvent the statute of limitations by filing a document purporting to revive the AGREEMENT and its amendments and modifications, which are also barred by the statute of limitations for the basis of foreclosure, when Defendants filed, on April 28, 2015, a document executed by Plaintiff LLC that was signed on June 30, 2005. However, and regardless thereof, said attempted revival document is not the basis for the acceleration and anticipated October 2015 foreclosure, as the document evidences a non-funded loan; which is known by Defendants.

V. CAUSES OF ACTION

5.1     Each of the foregoing paragraphs is incorporated by reference in the following.

5.2     **BREACH OF GOOD FAITH AND FAIR DEALING**

As explained further herein, Defendants engaged in unfair settlement practices and breached the duty of good faith and fair dealing in the contract it has with Plaintiffs. Defendants engaged in unfair settlement practices by failing to attempt in good faith to effectuate a proper foreclosure on an invalid, stale document with no force and effect.

5.3     **BREACH OF CONTRACT**

Defendants had a contract (Agreement) with Plaintiff. Defendants breached the terms of that contract under the Agreement, and now are suing thereon for foreclosure of the property the subject of this suit with no basis in law.

Electronically Filed
10/1/2015 5:23:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

5.4    DTPA

**C-4962-15-E**

Each of the foregoing paragraphs is incorporated by reference here fully.

At all material times herein, Plaintiffs were a "consumer" who purchased services from bank, and the services form the basis of this action.

Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects;

    a.  Defendants represented that the note confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    b.  Defendants represented that goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities that they do not have;

    c.  Defendants attempting to circumvent the statute of limitations by filing, some ten (10) years later a document the attempted basis of foreclosure on Plaintiffs' property, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3); and

    d.  Generally engaging in unconscionable courses of action while handling the repair issue of Plaintiffs' home;

As a result of Defendants' violations of the DTPA, Plaintiffs suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiffs' damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

Further, Defendants knowingly and/or intentionally committed the acts complained of. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA.

Electronically Filed
10/1/2015 5:23:13 PM
Hidalgo County District Clerk
Reviewed By: Alexis Bonilla

5.5   *UNREASONABLE COLLECTION EFFORTS*
C-4962-15-E

The allegations contained herein are realleged and incorporated by reference herein.  Defendants' efforts to collect on Plaintiffs' loan were and continue to be unreasonable. Defendants engaged in a course of harassment and misinformation that was intentional, knowing and reckless.  Plaintiffs were and are injured by Defendants' actions.  Plaintiffs' request actual damages including mental anguish, and exemplary damages.  Plaintiffs' are entitled to exemplary damages under Section 41.003 of the Texas Civil Practice & Remedies Code.

5.6   *INTENTIONAL MISREPRESENTATION*

Defendants made representations to Plaintiffs, in the course of its business and in a transaction in which it had a pecuniary interest. These representations were intentional or, in the alternative, negligent.  Defendants supplied false information to Plaintiffs under the Agreement that they would be bound and follow the terms and conditions of their right's under the Agreement, not that they would intentionally attempt to circumvent law by intentionally putting themselves in the position for foreclose on an invalid and stale document, with no force and effect.   Defendants' misrepresentations proximately caused Plaintiffs' injuries.  Plaintiffs are entitled to exemplary damages under Section 41.003 of the Texas Civil Practice & Remedies Code.

5.7   *TEXAS DEBT COLLECTION ACT*

The allegations of above are realleged and incorporated by reference herein.   Plaintiffs are "consumer[s]" as defined in Section 392.001 (1) of the Texas Finance Code.  Defendants have attempted to collect an alleged obligation that is a "debt" as defined in Section 392.001 (2) of the Texas Finance Code, and Defendants are a "debt collector" as defined in Section 392.001 (6) of the Texas Finance Code.  Defendants violated the Texas Debt Collection Act, found in Chapter 392 of the Texas Finance Code.  Defendants represented falsely the status or nature of the services rendered in violation of Section 392.304 (14). Defendants used false representations and deceptive means to collect a debt or obtain information concerning a consumer in violation of Section 392.304 (19).  The wrongful acts were committed against Plaintiff,  Plaintiff was injured as a result of Defendants' wrongful acts.  Plaintiffs request actual, statutory, and exemplary damages.  Plaintiff requests reasonable attorney fees pursuant to Section 392.403(b).

Electronically Filed
10/1/2015 5:23:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

5.8   *NEGLIGENCE*                    **C-4962-15-E**

In the alternative, the acts and omissions of Defendants were negligent. Such negligence, however, was more than momentary thoughtlessness, inadvertence or error in judgment. Said acts and/or omissions were of such conscious indifference to the rights, welfare and safety of Plaintiffs as to constitute gross negligence.

5.9   *STATUTORY FRAUD*

In the alternative, there was a transaction involving real estate. During the transaction, Defendants made a false promise. The false representation was made for the purpose of inducing Plaintiff to enter into a contract. Plaintiff relied on the false promise by entering into the contract and the reliance has caused Plaintiffs' injury.

## VI. EXTRA-ORDINARY RELIEF

6.1     Plaintiffs request the Court enter an ex-parte temporary restraining order without notice to Defendants, restraining and enjoining Defendants, their attorneys, agents, assigns and all others acting on their behalf and subject to their control from proceeding to and from foreclosing and/or selling the Property at the October 6, 2015 Hidalgo County foreclosure sale, and to further continue to be restrained from foreclosing on the real property and from further posting for foreclosure, until such further order of this Honorable Court.

6.2     Should any sell, conveyance, transfer or foreclosure be allowed to proceed, Plaintiff will lose its property and will suffer the immediate and irreparable loss of a unique property, a loss for which it have no adequate remedy at law.

6.3     Plaintiff requests a reasonable bond be set in the amount of $500.00.

KING LAW FIRM                   #0292 P.009/015

Electronically Filed
10/1/2015 5:23:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4962-15-E

## VII.  APPLICATION FOR TEMPORARY INJUNCTION

7.1     After notice and hearing, Plaintiff requests that the Court issue an order directing Defendants to appear at a date and time certain to show cause, if any, why the temporary restraining order should not be continued in effect as a temporary injunction pending a trial on the merits and after a trial on the merits, enter a permanent injunction restraining and enjoining Defendants, their attorneys, agents, assigns and all others acting on their behalf and subject to their control as pled for herein above.

7.2     Without such temporary injunction, Plaintiff will be deprived of their property, for which they has no adequate remedy at law.

## VIII.  APPLICATION FOR PERMANENT INJUNCTION

8.1     After notice and trial on the merits, Plaintiffs request that the Court enter a permanent injunction, restraining and enjoining Defendants, their attorneys, agents, assigns and all others acting on their behalf and subject to their control from as pled for herein above.

## IX.  DAMAGES

9.1     Plaintiff seeks the following damages, which were proximately caused by Defendants.  Further, Defendants action was undertaken intentionally and purposefully, with the intent to harm Plaintiff and its members, and as such, be awarded a judgment against Defendants for the following:

    a.    Actual damages.
    b.    Immediate injunctive relief ordering Defendant estopped as pled for herein;
    c.    Exemplary damages.
    d.    Prejudgment and post-judgment interest.
    e.    Court costs.
    f.    Attorney's fees.
    g.    All other relief at law or equity to which Plaintiffs are entitled.

## X.  JURY TRIAL DEMAND

10.1.   Plaintiffs demand a jury trial of this cause, and have or will tender the appropriate jury fee.

Electronically Filed
10/1/2015 5:23:13 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

## XI. DISCOVERY REQUESTS
C-4982-15-E

11.1.  Pursuant to Rule 194, Defendant is requested to disclose, within fifty *(50)* days after service of this request, the information or material described in Rule 194.2(a)-(l).

## XII. NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

12.1    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give notice that Plaintiffs intend to use all discovery instruments produced in this case at trial. Such discovery instruments include, but are not limited to, all documents Defendants have or will produce in response to Plaintiffs written discovery requests.

## XIII. PRAYER

13.1    WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court cause Defendants to be served with process herein, that they be ordered to appear and answer, that an ex parte temporary restraining order issue restraining and enjoining Defendant, their attorneys, agents, assigns and all others acting on their behalf from proceeding to and from selling, conveying or transferring any interest in and to the Property, and to further continue to be restrained from foreclosing on the real property until such further order of this Honorable Court, and for their damages, attorney's fees and costs and for any other and further relief, either at law or in equity, for which they may hereafter show themselves entitled.

Respectfully submitted,

KingLawFirm
3409 North  10th Street
McAllen,     Texas 78501
Telephone (956) 687-6294
Facsimile (956) 687-5514

By:

C. BRANDON HOLUBAR
Texas Bar No. 24041124
ATTORNEY FOR PLAINTIFFS

COUNTY OF ~~HIDALGO~~ Comal        §

C-4962-15-E

## AFFIDAVIT

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this

day personally appeared Jaime Garcia, member of Mis Tres Properties, LLC, known to

me to be the persons whose names are subscribed hereto, who being first duly sworn in

the manner provided by law, on oath states as follows, with the authority of the

Company:

"I am Jaime Garcia, member of Mis Tres Properties, LLC, and I reside in Texas and make affidavit.

"I am over the age of eighteen (18) years, have personal knowledge of, and am competent and authorized to testify to the facts set forth herein.

"On or about July 8, 2004, my wife and I, as member of the Company, executed a real estate promissory note in the amount of FIFTY THOUSAND and NO/100 Dollars ($50,000.00) payable to the order of The Laredo National Bank, as predecessor in interest to Defendant RREF. The instrument memorializing this transaction and the document the basis for Defendants' foreclosure is entitled, Deed of Trust Security Agreement Financing Statement Assignment of Rents (hereinafter referred to as "AGREEMENT") and is dated and was executed on July 08, 2004. The maturation date of the AGREEMENT is October 08, 2004.

"The real property the subject of this suit are owned by the Company.

"The AGREEMENT referenced herein above was modified and amended. However, such subsequent documents are not the instrument the basis for the foreclosure; as such, the instrument the basis for the October 2015 foreclosure matured on October 08, 2008.

"The Company has not made any payment(s) to Defendants under the AGREEMENT the basis of this foreclosure, or any subsequent documents thereto, to in a timely matter to revive the AGREEMENT for foreclosure purposes.

"Defendants' allege that Plaintiff has failed to perform under the AGREEMENT, and have now accelerated the Note and posted the Property for foreclosure for the October 2015 Hidalgo County foreclosure sale.

"In addition, we were not provided notice either at our residence or any address located in the Agreement or other loan documents.

JAVIER GARCIA, as member of Mis
Tres Properties, LLC, AFFIANT

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this
__ day of October 2015, to certify which witness my hand and seal of office.

Melissa Jean Stein
Notary Public
State of Texas
My Comm. Exp. march 29, 2016

Notary Public, State of Texas

# EXHIBIT C

KING LAW FIRM                                    #0292  P. 013/015

Electronically Filed
10/2/2015 10:23:04 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

CAUSE NO. C-4962-15-E

| | | |
|---|---|---|
| JOSE A. CHACON FARIAS, LUIS M. | § | IN THE DISTRICT COURT |
| FARIAS SOTO, MIGUEL CHACON FARIAS | § | |
| and MIS TRES PROPERTIES, LLC | § | |
| *Plaintiffs* | § | 275th JUDICIAL DISTRICT |
| VS. | § | |
| | § | |
| RREF CB SBL ACQUISITIONS, LLC | § | |
| and GARDERE WYNNE SEWELL, LLP | § | |
| *Defendants.* | § | OF HIDALGO COUNTY, TEXAS |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

The Court, having considered the facts contained in Plaintiffs' verified Application for Temporary Restraining Order, and Application for Temporary and Permanent Injunction, finds that Defendants RREF CB SBL ACQUISITIONS, LLC, and GARDERE WYNNE SEWELL, LLP, their attorneys, agents, assigns, employees, representatives and all others acting on their behalf and subject to their control, are ORDERED to immediately forbear from foreclosing and selling the real property described herein below at the October 06, 2015, Hidalgo County, Texas, Foreclosure Sale, and are further ORDERED to forbear and to continue to forbear from foreclosing and posting or reposting the property for foreclosure the property the subject of this suit until such further order of this Honorable Court.

The Court finds that the real property owned by Plaintiffs is unique and that should such sale take place, Plaintiffs would suffer immediate and irreparable damage by being deprived of the property forever. The Court finds that Plaintiffs have no adequate remedy at law for their damages, which they would suffer should said property be sold.

*GARCIA-TRO*
*October*
*Page 1 of 3*

Electronically Filed
10/2/2015 10:23:04 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

The Court finds that time is of the essence and that an ex-parte orders hold issue preventing such sale.

IT is, therefore, **ORDERED, ADJUDGED AND DECREE** that RREF CB SBL ACQUISITIONS, LLC, and GARDERE WYNNE SEWELL, LLP, their attorneys, agents, assigns, employees, representatives and all others acting on their behalf and subject to their control are hereby ORDERED to immediately forbear from foreclosing and selling the real property described herein below at the October 06, 2015, Hidalgo County Texas, Foreclosure Sale, and are further ORDERED to forbear and to continue to forbear from foreclosing, selling or posting or reposting the real property the subject of this suit until such further order of this Honorable Court:

### Tract I:

All of Lots 1 and 8, the West 1/2 of Lot 2, and the West ½ of Lot 7, Block 2; and Lots 1 and 8 and the West 1/2 of Lot 2 and the West ½ of Lot 7, Block 19, JACKSON SUBDIVISION, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 4, Page 580, Deed Records of Hidalgo County, Texas. SAVE AND EXCEPT a 5.01 acre tract previously conveyed out of Lot 1, Block 2, and being more particularly described by metes and bounds in Deed dated May 8, 1992, from Clark F. Spikes, Jr. to RCV Educational Broadcasting Inc., recorded in Volume 3261,Page 617, Official Records of Hidalgo County, Texas.

### Tract II:

The East 1/2 of Lot 2 and the East 1/2 of Lot 7, Block 2, and the East ½ of Lot 2 and the East ½ of Lot 7, Block 19, JACKSON SUBDIVISION, Hidalgo County, Texas, according to the map or plot thereof recorded in Volume 4, Page 580, Deed Records of Hidalgo County, Texas.

It is further ORDERED that a bond in the amount of $ ___500.00___ must be held in the registry of the Court before a Temporary Restraining Order shall issue.

Plaintiffs' request for a temporary injunction is hereby set for hearing on the 14th day of October, 2015, at 9:00 o'clock A M.

SIGNED and ENTERED on this the ____ day of October, 2015.

_____
JUDGE PRESIDING

KING LAW FIRM                    #0292 P.015/015

Electronically Filed
10/2/2015 10:23:04 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

Entry Requested:

C. Brandon Holubar
KingLawFirm
3409 N. 10th Street
McAllen, Texas 78501
Telephone: 956.687.6294
Telecopy: 956.687.5514
Attorney for Plaintiffs
Email: ahernandez@kingrgvlaw.com

*GARCIA-TRO*
*October*
*Page 3 of 3*

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE A. CHACON FARIAS, LUIS M. FARIAS SOTO, MIGUEL CHACON FARIAS and MIS TRES PROPERTIES, LLC, | § § § § § § | Case No. _____ |
| Plaintiffs, | § § § | |
| v. | § § § | |
| RREF CB SBL ACQUISITIONS, LLC and GARDERE WYNNE SEWELL LLP, | § § § § | |
| Defendants | § § | |

### **LIST OF COUNSEL OF RECORD**

1.  Counsel for Plaintiffs:

    C. Brandon Holubar
    King Law Firm
    3409 North 10th Street
    McAllen, Texas 78501
    (956) 687-6294
    (956) 687-5514 (fax)

2.  Counsel for Defendants:

    Robert T. Slovak
    Rachel Kingrey (TX 24068616)
    Thomas Scannell (TX 24070559)
    Matthew Pyeatt (TX 24086609)
    GARDERE WYNNE SEWELL LLP
    1601 Elm Street, Suite 3000
    Dallas, Texas 75201
    Telephone: 214-999-4685
    Facsimile: 214-999-3685

# EXHIBIT E

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back

Location : All Courts

# REGISTER OF ACTIONS
## CASE NO. C-4962-15-E

| | |
|---|---|
| JOSE A. CHACON-FARIAS, LUIS M. FARIAS-SOTO, MIGUEL CHACON-FARIAS AND MIS TRES PROPERTIES, LLC VS. RREF CB SBL ACQUISITIONS, LLC AND GARDERE WYNNE SEWELL, LLP | § § § § § |

Case Type: **Real Property - Other Real Property (OCA)**
Date Filed: **10/01/2015**
Location: **275th District Court**

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | GARDERE WYNNE SEWELL, LLP | |
| Defendant | RREF CB SBL ACQUISITIONS, LLC | |
| Plaintiff | CHACON-FARIAS, JOSE A. | **C. BRANDON HOLUBAR** *Retained* 956-687-6294(W) |
| Plaintiff | CHACON-FARIAS, MIGUEL | **C. BRANDON HOLUBAR** *Retained* 956-687-6294(W) |
| Plaintiff | FARIAS-SOTO, LUIS M. | **C. BRANDON HOLUBAR** *Retained* 956-687-6294(W) |
| Plaintiff | MIS TRES PROPERTIES, LLC | **C. BRANDON HOLUBAR** *Retained* 956-687-6294(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 10/01/2015 | **Original Petition (OCA)** |
| 10/02/2015 | **Order Filed** |
| 10/02/2015 | **E-Filing Forwarded to Court Queue** |
| 10/02/2015 | **Temporary Restraining Order, Signed** |
| 10/02/2015 | **Order Filed** |
| 10/02/2015 | **Notice** |
| 10/02/2015 | **Bond** |
| 10/02/2015 | **CIT/NSC/TRO** |

| | |
|---|---|
| RREF CB SBL ACQUISITIONS, LLC | Unserved |
| GARDERE WYNNE SEWELL, LLP | Unserved |

| | |
|---|---|
| 10/02/2015 | **Service Issued** |
| 10/14/2015 | **Temporary Restraining Order Hearing**  (9:00 AM) (Judicial Officer Partida, Juan) |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---:|
| **Plaintiff** MIS TRES PROPERTIES, LLC | | | |
| Total Financial Assessment | | | 326.00 |
| Total Payments and Credits | | | 326.00 |
| **Balance Due as of 10/06/2015** | | | **0.00** |
| 10/02/2015 | Transaction Assessment | | 322.00 |
| 10/02/2015 | EFile Payments from TexFile | Receipt # DC-2015-118562 | MIS TRES PROPERTIES, LLC | (322.00) |
| 10/02/2015 | Transaction Assessment | | 2.00 |
| 10/02/2015 | EFile Payments from TexFile | Receipt # DC-2015-118637 | MIS TRES PROPERTIES, LLC | (2.00) |
| 10/02/2015 | Transaction Assessment | | 2.00 |
| 10/02/2015 | EFile Payments from TexFile | Receipt # DC-2015-118854 | MIS TRES PROPERTIES, LLC | (2.00) |