IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE A. CHACON FARIAS, LUIS M. FARIAS SOTO, MIGUEL CHACON FARIAS and MIS TRES PROPERTIES, LLC, | § § § § § § | Case No. 7:15-cv-425 |
| Plaintiffs, | § § | |
| v. | § § | |
| RREF CB SBL ACQUISITIONS, LLC and GARDERE WYNNE SEWELL LLP, | § § § § | |
| Defendants | § | |

### DEFENDANT RREF CB SBL ACQUISITIONS, LLC'S MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. § 1412, Defendant RREF CB SBL ACQUISITIONS, LLC files this motion asking the Court to transfer this lawsuit to the United States District Court for the Western District of Texas, San Antonio Division, for referral to the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, as an adversary proceeding arising from and related to the Chapter 11 bankruptcy proceeding entitled *In Re Mis Tres Properties, LLC*, Case No. 15-50356-CAG.[1]

### I.   BACKGROUND

On October 1, 2015, Plaintiffs Jose A. Chacon Farias, Luis M. Farias Soto, Miguel Chacon Farias, and Mis Tres Properties LLC ("Plaintiffs") filed their Original Petition and Application for Ex-Parte Temporary Restraining Order and for Temporary and Permanent

---

[1] The Order of Reference of Bankruptcy Cases and Proceedings is attached as **Exhibit E**.

Injunction (the "Petition") in the 275th Judicial District Court in Hidalgo County, Texas. In their Petition, Plaintiffs state:

> This is a suit against lending institutions and its trustee that is attempting to foreclose on real property owned by Plaintiffs Farias *that is under a contract to sell all interest in and the property to Plaintiff Mis Tres Properties, LLC.*

Original Petition at 1 (emphasis added), ECF No. 2.

Plaintiff Mis Tres Properties, LLC ("Mis Tres") was the debtor in *In Re Mis Tres Properties, LLC*, Case No. 15-50356-CAG, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division. On October 8, 2015, the Bankruptcy Court dismissed Case No. 15-50356-CAG but retained exclusive jurisdiction and exclusive venue on any applications for injunctive relief affecting property of the estate, specifically including any applications for injunctive relief involving any property subject to RREF's security interests. The Bankruptcy Court's Dismissal Order is attached as **Exhibit A** ("Dismissal Order").

Mis Tres's interest in the subject contract is property of the bankruptcy estate. Moreover, the real property described in the Petition (the "Real Property") is subject to RREF CB SBL-TX TWO, LLC's security interests granted by Mis Tres.  Specifically, RREF CB SBL-TX TWO, LLC is the current holder of the deed of trust by way of assignment. The deed of trust, which Plaintiffs excerpt and reference in their Petition, is attached as **Exhibit B**. The assignment from Compass Bank, as successor in interest to The Laredo National Bank, to RREF is attached as **Exhibit C**.  The assignment from RREF to RREF CB SBL-TX TWO, LLC is attached as **Exhibit D**.[2] Because Exhibits C through D are filed in the Hidalgo County records, the Court may take judicial notice of the same. *See, e.g.*, *Torres v. Bank of Am., N.A.*, CA C-12-057, 2012

---

[2] RREF is the sole member of RREF CB SBL-TX TWO, LLC, which is a special purpose entity to which RREF transferred the deed of trust (and loan documents) in anticipation of foreclosure.

WL 4718368, at *5 (S.D. Tex. Sept. 10, 2012); *Porter v. JP Morgan Chase Bank, N.A.*, CIV.A. H-13-1948, 2014 WL 5468056 (S.D. Tex. Oct. 28, 2014).

## II.  AUTHORITIES AND ARGUMENTS

Section 1412, as opposed to 28 U.S.C. § 1404(a), applies to the transfer of actions related to a bankruptcy proceeding. *See Campbell v. Williams*, 1:14-CV-097, 2015 WL 3657627, at *2 (S.D. Tex. June 12, 2015); *see also* 28 U.S.C. § 1412. Thus, the first consideration is whether this matter is "related to" Mis Tres's bankruptcy proceeding. *See id.* Under the "broad and deferential" related-to analysis, "a case is related to a bankruptcy proceeding if it 'could conceivably have any effect on the estate being administered in bankruptcy.'" *Id.* (quoting *Creekridge Capital, LLC v. La. Hosp. Ctr.*, LLC, 410 B.R. 623, 629 (D. Minn. 2009)).

Here, this lawsuit is related to Mis Tres's bankruptcy proceeding because the bankruptcy estate has an interest in the Real Property the subject of this suit. Importantly, the Bankruptcy Court expressly retained jurisdiction over this dispute in its dismissal order:

> It is further,
>
> ORDERED, ADJUDGED AND DECREED that this Court retains EXCLUSIVE subject matter jurisdiction and EXCLUSIVE venue over any application for temporary restraining orders or other injunctive relief affecting property which was property of the bankruptcy estate pursuant to 11 U.S.C. § 541 in the above-captioned bankruptcy case, as if such case had not been dismissed, specifically including, any application for a temporary restraining order involving any property subject to RREF CB SBL Acquisitions, LLC's security interests.

Ex. A at p. 2. Thus, 28 U.S.C. § 1412 governs this motion.

Next, upon finding § 1412 applies, the Court must determine whether transfer is in the interest of justice or for the convenience of the parties. *Campbell*, 2015 WL 3657627, at *3. In determining whether transfer is in the interest of justice, the Court considers the following factors:

    (a) Economics of estate administration
    (b) Presumption in favor of the "home court"
    (c) Judicial efficiency
    (d) Ability to receive a fair trial
    (e) The state's interest in having local controversies decided within its borders, by those familiar with its laws
    (f) Enforceability of any judgment rendered
    (g) Plaintiff's original choice of forum

*Id.* In determining whether the transfer is for the convenience of the parties, the Court considers the following factors:

    (a) Location of the plaintiff and defendant
    (b) Ease of access to necessary proof
    (c) Convenience of witnesses
    (d) Availability of subpoena power for the unwilling witnesses
    (e) Expense related to obtaining witnesses

*Id.* at *4. At minimum, "there is a strong presumption under § 1412 that venue should be in the court where the bankruptcy proceeding is pending." *Sabre Techs., L.P. v. TSM Skyline Exhibits, Inc.*, CIV.A. H-08-1815, 2008 WL 4330897, at *11 (S.D. Tex. Sept. 18, 2008).

Here, the Dismissal Order, in which the Bankruptcy Court retains exclusive jurisdiction and exclusive venue over this dispute, is dispositive of this analysis. Nonetheless, the foregoing factors also weigh in favor of transfer. First, transfer is in the interest of justice because the Bankruptcy Court is familiar with the parties and well versed in this dispute. Specifically, the Bankruptcy Court was called upon to determine whether the Real Property was subject to the automatic stay based upon Mis Tres's representations that it sold the Real Property to Plaintiffs Jose A. Chacon Farias, Luis M. Farias Soto, and Miguel Chacon Farias (the "Faris Plaintiffs") and retained no interest in the Real Property.

Now, after the Bankruptcy Court dismissed the proceeding (and for the first time), Mis Tres contends it *has* an interest in the property because the Farias Plaintiffs have contracted to sell the property back to Mis Tres. As a matter of estate administration (and as specifically

contemplated by the Dismissal Order), these matters should be decided by the Bankruptcy Court. For these reasons, the interest of justice favors transfer.

Moreover, transfer would be for the convenience of the parties. According to the Original Petition, the Farias Plaintiffs reside in Mexico, and Mis Tres is located in Comal County, Texas. Defendant RREF is a Delaware limited liability company, and Defendant Gardere Wynne Sewell is located in Dallas, Texas. Importantly, as stated above, the parties have already litigated the central dispute (the right to foreclose on the Real Property) in the Bankruptcy Court for the Western District of Texas, San Antonio Division, based on Mis Tres's decision to file in that venue—a fact which also supports the ease of access to necessary proof. Lastly, Plaintiffs' claims are based on the alleged conduct of Defendants, which primarily occurred in Dallas County, Texas. For these reasons, transfer is for the convenience of the parties.

### III.   CONCLUSION

Plaintiffs sought (and obtained) a temporary restraining order in state court in Hidalgo County, Texas, in contravention of the Dismissal Order in which the U.S. Bankruptcy Court for the Western District of Texas retained exclusive jurisdiction and venue for such injunctive relief. For the reasons set forth herein, Defendant respectfully asks this Court to transfer this lawsuit to the United States District Court for the Western District of Texas, San Antonio Division, for referral as a separate adversary proceeding to *In Re Mis Tres Properties, LLC*, Case No. 15-50356-CAG, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division. Defendant asks for such other and further relief to which it may be justly entitled.

Dated: October 14, 2015                                   Respectfully submitted,

                                                   */s/ Robert T. Slovak*
                                                   Robert T. Slovak (TX 24013523)
                                                   Rachel Kingrey (TX 24068616)
                                                   Thomas Scannell (TX 24070559)
                                                   Calli A. Turner (24088558)
                                                   **GARDERE WYNNE SEWELL LLP**
                                                   1601 Elm Street, Suite 3000
                                                   Dallas, Texas 75201
                                                   Telephone: 214-999-4685
                                                   Facsimile: 214-999-3685
                                                   rslovak@gardere.com
                                                   rkingrey@gardere.com
                                                   tscannell@gardere.com
                                                   cturner@gardere.com

                                                 **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that, on October 14, 2015, a true and correct copy of this Motion to Transfer Venue was served on the following:

C. Brandon Holubar
King Law Firm
3409 North 10th Street
McAllen, Texas 78501
(956) 687-6294
(956) 687-5514 (fax)

*Counsel for Plaintiffs*

                                                      */s/ Calli Turner*
                                                      Calli A. Turner

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on October 14, 2015, I conferred with counsel for Plaintiffs who are opposed to the relief sought.

　　　　　　　　　　　　　　　　　　*/s/  Calli Turner*
　　　　　　　　　　　　　　　　　　Calli A. Turner